Maggie Berger *v.* W. H. D. Hatton, Administrator of the Estate of Mary McFeeters, deceased, Appellant.

*Decedent's estate—Claim for services—Question for jury.*

The claim being for service rendered to a decedent and there being sufficient evidence to sustain it, if believed, the case was properly left to the jury to pass on the credibility of the witnesses, which was a question solely for them.

Argued March 10, 1898. Appeal, No. 27, March T., 1898, by defendant, from judgment of C. P. Dauphin Co., Jan. T., 1897, No. 339, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit. Before McPHERSON, J.

It appears from the evidence that plaintiff seeks to recover for the value of certain services rendered principally to the husband of decedent on the alleged request of decedent and upon her promise to pay.

The evidence as to the conditions of the work and promise to pay was both conflicting and acrimonious, but there was evidence which if believed entitled the plaintiff to go to the jury.

The court left the question to the jury in a specially careful charge in which the proper scrutiny of claims of this character was defined, and the question was reserved whether there is any evidence to go to the jury in support of the plaintiff's claim.

Verdict for plaintiff for $757.57. The court subsequently entered judgment on the verdict on the point reserved. Defendant appealed.

*Error assigned* was entry of judgment in favor of the plaintiff.

*Meade D. Detweiler,* for appellant.

*George Kunkel* of *Kunkel & Millar,* for appellee.

OPINION BY REEDER, J., May 9, 1898:

The only question raised for our consideration by the assignments of error is whether there was sufficient testimony ad-

duced upon the trial of this cause to justify its submission to the jury. We think there was. The services were rendered, it was alleged, on behalf of the plaintiff upon the trial of the cause in the court below to the husband of the decedent, and after his death to the decedent herself up to the time of her death upon the promise of the decedent that she would pay her and pay her well for such services. This was testified to by Ella Harris, the plaintiff's daughter, Dervine Berger, the plaintiff's son, and Francis Boubel and Mrs. Goldenberg. The credibility of these witnesses was solely a question for the jury. If believed by them their testimony was sufficient to justify the verdict. The court did no more than its duty in submitting the case to them and their verdict is conclusive.

Judgment affirmed.